UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
HAKEEM DRAWHORN,

                              Plaintiff,

          -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

15 CV 2180

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Hakeem Drawhorn ("plaintiff" or "Mr. Drawhorn") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Department of Probation ("DOP") and the NYPD, departments or agencies of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police and probation officers, supervisory police and probation officers and clerical employees of the DOP and NYPD, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, probation officers, clerical staff or supervisors employed by the DOP or NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD or DOP. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. In November 2003, as a juvenile, Mr. Drawhorn was placed on a three-year term of probation following the youthful offender adjudication of misdemeanor charges.

13. In 2006, Mr. Drawhorn successfully completed his probation and received written notice to that effect from DOP.

14. On or about November 12, 2014, approximately eight years later, Mr. Drawhorn learned from a friend that DOP employees were attempting to contact him.

15. Mr. Drawhorn contacted DOP and was told, in sum and substance, that he should come to the DOP offices on Joralemon Street in Brooklyn, New York to clear up an issue regarding a warrant.

16. Upon information and belief, there either was no warrant or a warrant was negligently, recklessly or intentionally generated based on erroneous information by an unidentified DOP or NYPD employee.

17. As instructed, Mr. Drawhorn went to the DOP offices.

18. Upon his arrival, in the presence of his former probation officer, Ms. Ellis, Mr. Drawhown was handcuffed by unidentified officers and told that he was

being arrested for a warrant.

19. Both Mr. Drawhorn and his probation officer explained that Mr. Drawhorn had completed his term of probation in 2006 and that he could not have a warrant.

20. Mr. Drawhorn was arrested and taken to Kings County Supreme Court.

21. Without the benefit counsel or any explanation, Mr. Drawhorn was brought before a judge and remanded to Rikers Island.

22. The following day, Mr. Drawhorn was returned to court, placed in a holding cell and then taken back to Rikers Island without seeing an attorney or a judge.

23. After being held for an additional four days on Rikers Island, Mr. Drawhorn was taken back to Court, where he was brought before a judge, the charges were dismissed and he was released.

24. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

25. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

26. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, unlawful strip search and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

36. Plaintiff was conscious of his confinement.

37. Plaintiff did not consent to his confinement.

38. Plaintiff's confinement was not otherwise privileged.

39. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

40. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### State Law Malicious Prosecution

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

47. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

48. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

49. All charges were terminated in plaintiff's favor.

50. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### State Law Assault and Battery

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

54. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants violated Mr. Drawhorn's due process rights.

58. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office and to the Kings County Supreme Court.

59. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
### Negligence; Ministerial Negligence; Negligent Hiring/Training/Retention

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Defendant City, through the NYPD and DOP, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

63. Upon information and belief, an employee of the NYPD or DOP negligently, recklessly or intentionally caused a warrant to be generated for Mr. Drawhorn's arrest.

64. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66. Upon information and belief, negligent acts of City employees and defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### *Monell*

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. The City of New York has a policy, practice and/or custom through which its NYPD and DOP employees generate invalid warrants based on faulty information.

-12-

74. Pursuant to this policy, practice and/or custom, DOP and/or NYPD employees arrest innocent citizens in the absence of probable cause.

75. Mr. Drawhorn's injuries resulted from this policy, practice and/or custom.

76. The City of New York is liable for the decisions of its final policymakers to create, promulgate and perpetuate this policy, practice and/or custom.

77. The City of New York is also liable for its deliberate indifference to the consequences of the policy, practice and/or custom, and for failing to train, supervise and/or discipline those employees responsible for creating, promulgating and perpetuating this policy, practice and/or custom.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   April 16, 2015
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*